GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Liquidator of SOUTHERN SURETY COMPANY OF NEW YORK, Petitioner, v. ALBERT MARINELLI, Clerk of the County of New York, Respondent.

First Department, December 14, 1934.

*Jess H. Rosenberg* of counsel [*Harry Rodwin* with him on the brief; *Louis H. Pink*], for the petitioner.

*Henry Alexander*, for the respondent.

O'MALLEY, J. On filing a transcript in the county clerk's office of a judgment obtained by the Superintendent of Insurance, as

liquidator of a surety company in liquidation, must the Superintendent, as liquidator, pay the ordinary fee required for such filing, or is he exempted by section 416 of the Insurance Law? This is the question presented by this submission.

The statute provides: "Exemption from filing fees. The superintendent shall not be required to pay any fee to any public officer for filing, recording, or in any manner authenticating any paper or instrument relating to any proceeding under this article."

The question then to be determined is whether the transcript of judgment sought to be filed with the county clerk is a paper relating to any proceeding under that particular article of the Insurance Law.

It is clear that the liquidation proceeding itself comes within its purview. It is contended by the county clerk, however, that collateral and incidental matters respecting prosecution and collection of claims do not come within its terms. This contention is predicated largely, if not entirely, upon the provisions of section 414 of the Insurance Law. This section, after empowering the Superintendent to appoint one or more deputy superintendents as his agents, and to employ counsel, clerks and assistants, provides:

"2. The compensation of such special deputy superintendents, counsel, clerks and assistants, and all expenses of conducting any proceeding under this article shall be fixed by the superintendent, subject to the approval of the court, and shall, on certificate of the superintendent, be paid out of the funds or assets of such insurer."

We are of opinion that when these two sections are read together, the exemption under section 416 is not affected by the provision of section 414 of the Insurance Law. The fact that expenses incurred by the Superintendent may be charged against the funds or assets of the insurance company is no mandate that the Superintendent must bear an expense from which he is exempted. If he is not exempted from paying the county clerk's fees under section 416 of the Insurance Law, then, of course, he will be reimbursed under section 414.

We are of opinion that the Superintendent properly claimed exemption from the fee ordinarily required by the county clerk for the filing of a transcript of judgment. The interpretation of the words "relating to any proceeding" leads to the conclusion, we believe, that a transcript of judgment, entered in an action brought by the Superintendent of Insurance as liquidator, is a paper or instrument exempted from fee within the purview of section 416.

The word "relate" has been given the following definitions:

Funk & Wagnalls New Standard Dictionary: "Relate — II. To stand in relation; have reference or regard; refer."

The Century Dictionary and Cyclopedia: " II. 1. To have reference or respect; have regard; stand in some relation; * * * 3. To have relation or connection."

" The Oxford Dictionary: " II. 9. To be related, have relation, stand in some relation, to another thing."

The transcript of judgment sought to be filed by the Superintendent of Insurance certainly stands in some relation or has reference to the liquidation proceedings. The action in which the judgment was gained was a part of the liquidation proceedings.

The word " relate " is synonymous with " pertain," and presupposes another subject-matter. (*Matter of City of New York* [*Town of Hempstead*], 125 App. Div. 219; affd., 192 N. Y. 569.)

We are of opinion, therefore, that the transcript of the judgment obtained by the Superintendent of Insurance as liquidator of an insurer, is a paper or document relating to the liquidation proceeding and hence entitled to be filed with the county clerk without the payment of the ordinary fee.

With the wisdom of this exemption in view of the enlarged powers of the Superintendent of Insurance and the great increase in matters of this kind, we are not concerned. That is a matter for the Legislature. We interpret statutes as we find them.

It follows, therefore, that judgment should be directed in favor of the petitioner as above indicated, but without costs.

FINCH, P. J., MARTIN, TOWNLEY and GLENNON, JJ., concur.

Judgment directed in favor of the petitioner as indicated in opinion, without costs. Settle order on notice.