784 A.2d 748 (2001)
345 N.J. Super. 231
Michael A. TROISE, Plaintiff, and
Steven J. Wittek, Plaintiff-Appellant,
v.
EXTEL COMMUNICATIONS, INC., and The State of New Jersey, Department of Labor, Defendants-Respondents, and
Prismatic Development Corp., and St. Paul Seaboard Surety Co., Defendants.
Superior Court of New Jersey, Appellate Division.
Submitted September 25, 2001.
Decided November 21, 2001.
*749 Struble Ragno Petrie Spinato Bonanno MacMahon & Conte, Riverdale, for appellant (Santo J. Bonanno, on the brief).
Genova, Burns & Vernoia, Livingston, for respondent Extel Communications, Inc. (Courtney M. Gaccione, on the brief).
John J. Farmer, Jr., Attorney General, for respondent State of New Jersey, Department of Labor (Pamela E. Schneider, Deputy Attorney General, on the brief).
Steven A. Berkowitz, for amici curiae Plumbers & Pipefitters Local Union 9; Plumbers Local Union 14; Plumbers Local Union 24; Pipefitters Local Union 274; Plumbers & Pipefitters Local Union 322; Steamfitters Local 475; Sprinkler Fitters Local Union 669; Sprinkler Fitters Local Union 696; and the Public Utility Construction and Gas Appliance Workers of the New Jersey Local Union 855 (Mr. Berkowitz, on the brief).
Schwartz, Tobia, Stanziale, Rosensweig & Sedita, for amicus curiae Utility and Transportation Contractors Association of *750 New Jersey (Warren B. Kasdan, on the brief).
Before Judges SKILLMAN, CARCHMAN and WELLS.
The opinion of the court was delivered by SKILLMAN, P.J.A.D.
The issue presented by this appeal is whether a two or six year limitations period applies to an employee's private cause of action for underpayment of the wages required by the Prevailing Wage Act (the Act), N.J.S.A. 34:11-56.25 to -56.46. We conclude that an employee has six years to bring a claim for additional wages under the Act, and therefore reverse the dismissal of this action as untimely.
Plaintiff Steven J. Wittek was employed by defendant Extel Communications from September 1989 through October 1993 as a cable installer on a building known as the Passaic County Administration Building in Paterson. Shortly after the conclusion of this employment, Wittek filed a protest with the New Jersey Department of Labor, which alleged that Extel had not paid him the full amount of wages required under the Prevailing Wage Act.
The Department conducted an investigation and found that Extel had underpaid Wittek and six other employees a total of $27,788.46. The amount of the alleged underpayment to Wittek was $9,755.23. By a letter dated May 5, 1994, the Department assessed Extel and Prismatic Development Corporation, the general contractor on the project, the additional wages allegedly owed the seven employees as well as $5,278.85 in administrative penalties and fees. Extel and Prismatic contested the assessment, and requested a hearing before the Office of Administrative Law. Prior to the hearing, the Department entered into a settlement agreement under which Extel and Prismatic agreed to pay $8,000 in exchange for the dismissal of the Department's claims. The Department distributed $5,000 of the settlement proceeds to Wittek,[1] retaining the balance for administrative penalties and fees. However, the Stipulation of Settlement expressly stated that "the Department does not waive any rights ... former employees... may have to pursue ... claims" against Extel and Prismatic.
On June 22, 1999, Wittek and another employee, Michael A. Troise, filed a complaint in the Law Division seeking the full amount of additional wages alleged owed them for the work performed on the Administration Building. The complaint named as defendants not only Extel and Prismatic but also the Department and St. Paul Seaboard Surety Co., which had issued a surety bond for the Administration Building project.[2] The Department filed a motion to dismiss the complaint against it for failure to state a cause of action, which the trial court granted. Plaintiffs filed a motion for summary judgment against the other defendants, and Extel filed a cross-motion to dismiss on the ground that the complaint had been filed beyond the two-year period within which, according to Extel, a claim under the Prevailing Wage Act must be filed.
The trial court denied plaintiffs' motion and dismissed their complaint as untimely because it was not filed within two years after they finished working on the Administration Building. The court did not issue *751 any written or oral opinion setting forth reasons for this conclusion. However, the order of dismissal recited that the court had "relied upon the provisions of N.J.S.A. 34:11-56a25.1," which provides a two-year limitations period to file claims for unpaid minimum wages and overtime compensation under the Wage and Hour Law. Wittek subsequently filed this appeal.[3]
The Prevailing Wage Act requires every contract for "any public work" in excess of a threshold amount to "contain a provision" stating that the workers "shall be paid not less than [the] prevailing wage rate." N.J.S.A. 34:11-56.27. The "prevailing wage" is defined as "the wage rate paid by virtue of collective bargaining agreements by employers employing a majority of workers of that craft or trade...." N.J.S.A. 34:11-56.26(9). The Act requires "[t]he public body ... awarding any contract for public work ... [to] ascertain from the [Commissioner of Labor] the prevailing wage rate in the locality in which the public work is to be performed for each craft or trade," and to specify those wages in the contract. N.J.S.A. 34:11-56.28.
An employee who is paid less than the prevailing wage for work covered by the Act may pursue two statutory remedies. First:
Any workman may ... file a protest in writing with the commissioner objecting to the amount of wages paid for service performed by him on a public work as being less than the prevailing wages for such services.

[N.J.S.A. 34:11-56.34(b).]
If the Commissioner finds that an employer has failed to pay the prevailing wage, he may assess administrative penalties, N.J.S.A. 34:11-56.35, prohibit the employer from being awarded any public contract for three years, N.J.S.A. 34:11-56.37, 56.38, and "supervise the payment of [any] amounts due to workers." N.J.S.A. 34:11-56.36. Second:
[A]ny workman ... may recover in a civil action the full amount of such prevailing wage less any amount actually paid to him or her by the employer together with costs and such reasonable attorney's fees as may be allowed by the court[.]

[N.J.S.A. 34:11-56.40.]
The Act does not require an employee who claims to have received less than the prevailing wage to elect one or the other of these remedies or to seek administrative relief through the Department of Labor before filing a civil action.
The Prevailing Wage Act does not contain any express time limitation upon the filing of a private civil action under N.J.S.A. 34:11-56.40. It simply authorizes an employee who has received less than the prevailing wage to bring a civil action for recovery of any additional wages owed by the employer.
When the Legislature creates a statutory cause of action without including a limitations provision, a court will apply the general limitations provision which governs that category of claim. See McGrogan v. Till, 167 N.J. 414, 420-24, 771 A.2d 1187 (2001); Montells v. Haynes, 133 N.J. 282, 291-95, 627 A.2d 654 (1993). The determination of what statute of limitations applies does not "turn on the complaint-specific legal theories that plaintiffs plead, but rather on the nature of the injuries generally identified with the specific cause of action." McGrogan, supra, 167 N.J. at 423, 771 A.2d 1187.
Applying this test, the Court concluded in Montells that a private cause of action *752 under the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -42, which like the Prevailing Wage Act does not contain its own limitations provision, is subject to the two-year limitations period provided by N.J.S.A. 2A:14-2 for "injury to the person" rather than the six-year limitation period provided by N.J.S.A. 2A:14-1 for breach of contract and tortious injury other than injury to the person. The Court observed that "[a]lthough LAD ... vindicates economic rights and some rights that sound in contract, the statute strikes directly at conduct that injures the personhood of another." 133 N.J. at 293, 627 A.2d 654. Accordingly, the Court concluded that "the statute of limitations for personal-injury claims more closely comports with the purpose of LAD" than the six-year limitations period which governs claims for breach of contract and other economic harm. Id. at 292, 627 A.2d 654.
In contrast, Wittek's claim for additional wages based on Extel's alleged violation of the Prevailing Wage Act is clearly a claim for breach of contract or other economic harm. The Act specifically requires the inclusion of the prevailing wage in any contract for public work above a threshold amount, N.J.S.A. 34:11-56.27, 56.28, and because the purpose of the Act is to protect employees on public projects, N.J.S.A. 34:11-56.25, the employees are third-party beneficiaries of this statutorily mandated contractual provision. Moreover, the injury suffered by an employee who does not receive the prevailing wage is purely economic; the only damages the employee may recover is "the full amount of [the] prevailing wage ... together with costs and such reasonable attorney's fees as may be allowed by the court." N.J.S.A. 34:11-56.40. Therefore, in the absence of a legislative directive to apply another more specific limitations provision, we are satisfied that a private cause of action under the Act is subject to the six-year limitations period provided by N.J.S.A. 2A:14-1 for breach of contract and tort claims for economic harm.
We reject Extel's argument that an administrative proceeding to assess an employer who fails to pay the prevailing wage is subject to a two-year limitation provision and therefore the same limitation should be read into N.J.S.A. 34:11-56.40. In support of this argument, Extel relies upon N.J.S.A. 34:11-56.34(b), which provides that an employee may file a "protest" with the Commissioner objecting to an employer's failure to pay the prevailing wage "within two years from the date of the occurrence of the incident complained of." However, the Act does not contain any express limitations period with respect to the Commissioner's initiation of administrative proceeding under N.J.S.A. 34:11-56.35 to 56.38 for the assessment of penalties, debarment of an employer, or payment of additional wages to employees who have not received the prevailing wage. Moreover, the Act does not require an employee's protest filed with the Commissioner under N.J.S.A. 34:11-56.34(b) to be served upon the employer, nor does it preclude the Commissioner from assessing an employer for an underpayment of wages to an employee who failed to file a timely notice of protest. Therefore, we have serious doubt whether the Commissioner is subject to a two-year limitation period with respect to the initiation of administrative proceedings under the Act.
In any event, even if N.J.S.A. 34:11-56.34(b) could be read to impose a two-year limitations period upon the Commissioner initiating administrative proceedings, there would be no reason to apply that limitations provision to an employee's private cause of action under N.J.S.A. 34:11-56.40. Although the LAD contains a 180-day limitation period for the filing of *753 an administrative complaint alleging an act of unlawful discrimination, N.J.S.A. 10:5-18, the Court in Montells did not even deem it necessary to consider whether this limitations provision applies to a private civil action. Instead, the Court simply noted, as an additional reason supporting its conclusion that the two-year limitations period provided by N.J.S.A. 2A:14-2 governs private LAD actions, "that a two-year statute more closely approximates the 180-day period of limitations provided by the Legislature for the filing of claims with the Division as Civil Rights." 133 N.J. at 294-95, 627 A.2d 654. In assigning this limited significance to the limitations provision applicable to an administrative complaint, the Court evidently recognized the fundamental differences between the filing of an administrative complaint and an action in the Superior Court. To initiate administrative proceedings, a person may file an informal complaint without the assistance of counsel, and the agency then assumes responsibility for investigating and processing the matter. However, to bring an action in the Superior Court, a person ordinarily must retain counsel and be prepared to engage in discovery and other pretrial proceedings. Therefore, a legislative directive as to the limitations period for initiation of administrative proceedings does not control the time for filing an action in the Superior Court.
We also reject Extel's argument that the two-year limitation provision that governs private causes of action under the Wage and Hour Law, N.J.S.A. 34:11-56a to -56a30, should be read into the Prevailing Wage Act because the two laws have similar purposes.[4] The relevant section of the Wage and Hour Law provides:
No claim for unpaid minimum wages, unpaid overtime compensation, or other damages under this act shall be valid with respect to any such claim which has arisen more than 2 years prior to the commencement of an action for the recovery thereof.

[N.J.S.A. 34:11-56a25.1.]
Extel argues that the phrase "or other damages under this act" in this section of the Wage and Hour Law includes damages claimed under the Prevailing Wage Act.
An examination of the legislative history and language of the Wage and Hour Law and Prevailing Wage Act shows that this argument is clearly without merit. The Wage and Hour Law was enacted in 1966, L. 1966, c. 113, three years after enactment of the Prevailing Wage Act in 1963, L. 1963, c. 150. The Wage and Hour Law includes a provision authorizing private causes of action by employees to recover the full amount of wages required under the law, N.J.S.A. 34:11-56a25, which is substantially similar to N.J.S.A. 34:11-56.40. In its original form, the Wage and Hour Law did not contain any limitations provision, but a little more than a year after enactment, the law was amended to add a two-year statute of limitations with respect to private causes of action, L. 1967, c. 216. However, neither the original Wage and Hour Law nor the 1967 amendment includes any reference to the Prevailing Wage Act. Thus, even though the language of the two laws is similar in many respects, they are separate and distinct legislative enactments. Consequently, the phrase "other damages under this act" in N.J.S.A. 34:11-56a25.1 applies only to a claim under the Wage and Hour Law, not to a claim under the Prevailing Wage Act.
In addition, Extel argues that because the Wage and Hour Law and Prevailing *754 Wage Act are both designed to protect employees' economic well-being, the laws must be read in para materia. However, "[t]he rule that statutes in para materia are to be construed together ... is merely an aid to the interpretation of doubtful or ambiguous statutes[.]" International Bhd. of Elec. Workers Local No. 1470 v. Gillen, 174 N.J.Super. 326, 329, 416 A.2d 446 (App.Div.1980). "The doctrine is not invoked to engraft the terms of one statute into another merely because the general subject matters of the two enactments are similar." Id. at 330, 416 A.2d 446. In fact, where the Legislature has inserted a provision in only one of two statutes that deal with closely related subject matter, it is reasonable to infer that the failure to include that provision in the other statute was deliberate rather than inadvertent. See Smith v. Township of Hazlet, 63 N.J. 523, 527, 309 A.2d 210 (1973).
Accordingly, we reverse the dismissal of Wittek's complaint against Extel and remand the case to the trial court.
NOTES
[1] Apparently, Wittek was the only employee who received any payment out of the settlement proceeds because he was the only one who had filed a protest with the Department.
[2] Insofar as the record before us indicates, Prismatic and Seaboard did not file answers or otherwise appear before the trial court, and they are not parties to this appeal.
[3] Troise settled his claim against Extel before the appeal was filed.
[4] The recitation in the order granting Extel's motion to dismiss seems to indicate that the trial court adopted this argument.