**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Jason R. CHAMBERLIN, Defendant–Appellee.**

**No. 02CA0853.**

Colorado Court of Appeals, Div. A.

May 22, 2003.

G.F. Sandstrom, District Attorney, M. Katherine Howard, Deputy District Attorney, Pueblo, Colorado, for Plaintiff–Appellant.

R.D. Jorgensen, Pueblo, Colorado, for Defendant–Appellee.

Opinion by Justice ERICKSON *.

The People appeal from the district court judgment granting the petition of defendant, Jason R. Chamberlin, to seal certain criminal records pertaining to him pursuant to § 24–72–308, C.R.S.2002. We reverse and remand with directions to deny defendant's petition to seal these records.

The relevant facts are not in dispute. In the underlying criminal case, case number 98CR107, defendant was charged in 1998 with two felony counts, for burglary and theft. These charges were ultimately resolved by a plea agreement. As to the burglary count, defendant received a deferred judgment and sentence which was later dismissed following successful completion of the terms imposed. As to the theft count, defendant pleaded guilty to a lesser misdemeanor theft charge, and this misdemeanor conviction remains unchanged.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

Defendant thereafter filed a petition seeking to seal these criminal records pursuant to § 24–72–308. The People filed an objection to the petition, asserting that, in view of the outstanding misdemeanor conviction, the statute did not allow the sealing of these records because the underlying criminal case was not completely dismissed. In response, defendant asserted that he did not seek the sealing of the records regarding the misdemeanor conviction, but that the statute permitted the sealing of the records to the extent they relate to the dismissed felony charge.

Following a hearing, the district court rejected the People's argument and ordered the sealing of all of the criminal records involved in case number 98CR107. Notwithstanding the misdemeanor conviction, the court applied the statutory balancing test and found that defendant's interest in having the records sealed outweighed the opposing public interest. The court further ruled that it would be impractical to separate the records relating to the different charges and that sealing all the records was appropriate because the most serious charge was ultimately dismissed.

■ On appeal, the People contend that the district court erred in granting the petition to seal these records pursuant to § 24–72–308 when defendant's case was not completely dismissed and there is still a conviction as to one count of the information. We agree.

Pursuant to § 24–72–308(1)(a)(I), C.R.S. 2002, a person in interest is eligible to seek the sealing of criminal records only "of official actions involving a criminal offense for which said person in interest was not charged, *in any case which was completely dismissed*, or in any case in which said person in interest was acquitted" (emphasis added).

Under these statutory eligibility provisions, as narrowed in 1988, persons who have been convicted of a criminal offense no longer qualify for a court order sealing their records in those criminal cases. *See People v. D.K.B.*, 843 P.2d 1326 (Colo.1993).

Here, under the plain language of § 24–72–308(1)(a)(I), defendant is not eligible to have any of the criminal records involved in case number 98CR107 sealed, because none of the three alternative statutory criteria has been satisfied.

Contrary to defendant's argument, the second of these criteria does not authorize the sealing of his records under these circumstances. Rather, in view of the outstanding misdemeanor conviction in case number 98CR107, the underlying criminal "case" was *not* "completely dismissed," as required by § 24–72–308(1)(a)(I), notwithstanding the eventual dismissal of the felony count for burglary.

Moreover, we perceive no affirmative basis for sealing under any of the definitional provisions of § 24–72–302, C.R.S.2002, because the eligibility requirements for sealing of records are set forth in and limited by the plain language of § 24–72–308(1)(a)(I).

■ Contrary to defendant's further argument, there is also no basis in the sealing statute for alternatively sealing only the portion of his criminal records relating to the dismissed felony charge. As noted by the People, the pertinent language of § 24–72–308(1)(a)(I) requires that the underlying criminal "case" be "completely dismissed," rather than authorizing sealing upon the dismissal of any particular "charges" or "counts" in a case that has been filed against the person in interest.

We also note that defendant's reliance on *In re T.L.M.*, 39 P.3d 1239 (Colo.App.2001), and *People v. Bushu*, 876 P.2d 106 (Colo.App. 1994), is misplaced. In those cases, all the charges were resolved in favor of those defendants, either by dismissal or acquittal. Consequently, the issues raised in this case involving the dismissal of one count with a conviction on another count were not present or addressed in those cases.

Under the circumstances here, because defendant has been convicted of a criminal offense on one count in case number 98CR107, he does not qualify to have any of the criminal records involved in that case sealed. *See* § 24–72–308(1)(a)(I); *see also People v. D.K.B., supra.* Thus, the district

court erred in reaching the balancing test under the sealing statute and in granting defendant's petition to seal his criminal records on that basis.

Accordingly, the district court judgment is reversed, and the case is remanded to that court with directions to deny defendant's petition to seal these criminal records.

Judge WEBB and Judge METZGER **, concur.

---

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.