**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Roderick A. GOODALE, Defendant–Appellee.**

**No. 02SA345.**

Supreme Court of Colorado, En Banc.

Nov. 3, 2003.

Edward J. Rodgers, District Attorney Eleventh Judicial District, Norman C. Cooling, Deputy District Attorney, Canon City, Colorado, Attorney for Plaintiff–Appellant.

David S. Kaplan, Colorado State Public Defender, Andrea R. Manning, Deputy State Public Defender Denver, Colorado, Attorney for Defendant–Appellee.

Justice RICE delivered the Opinion of the Court.

The People appeal an order of the Chaffee County District Court dismissing the prosecution of Roderick Allen Goodale.[1] The People charged Goodale, a Department of Corrections inmate, with unlawful use of marihuana in a detention facility in violation of section 18–18–406.5, 6 C.R.S. (2003). Goodale asserted that the statute violated equal protection of the laws and moved to dismiss the charge. The trial court agreed with Goodale, finding the statute unconstitutional because it imposed higher punishment on marihuana users than it did on users of more serious drugs.

We reverse. We hold that the statute presents a classification that is neither arbitrary nor irrational, and thus does not violate equal protection of the laws.

## I. Facts and Procedural History

On February 8, 2002, the State charged Goodale, an inmate of the Buena Vista Correctional Facility, with one count of unlawful use of marihuana in a detention facility, a class 6 felony. § 18–18–406.5. Goodale moved to dismiss the charge, asserting that the statute violated the Equal Protection Clause of both the Colorado and United States Constitutions. In support of this assertion, Goodale noted that an individual convicted of unlawful use of a schedule I or II controlled substance pursuant to § 18–18–404(1)(a), 6 C.R.S. (2002), a class 5 felony,[2] could request treatment for addiction. If the court granted this request, the criminal proceedings would be suspended while the individual received treatment. If the individual successfully completed treatment, the charges would be dismissed. Because there is no similar treatment provision in the statute under which Goodale was charged, he argues that this disparity rendered the statute under which he was charged unconstitutional, because he faced greater punishment for a less serious offense.

The trial court agreed with Goodale and granted the motion to dismiss. The court noted that Goodale did not receive the same opportunities for treatment and suspension of proceedings as someone charged under the more serious crime of possession of a schedule I or II controlled substance. The court therefore held that the statute under which Goodale was charged violated the equal protection clause.[3]

## II. Analysis

### A. Background Principles

■ We begin our analysis by noting that "it is not the role of this court to act as

1. We have jurisdiction to consider this appeal pursuant to section 13–4–102(1)(b), 5 C.R.S. (2003) and section 16–12–102(1), 6 C.R.S. (2003).

2. A 2003 amendment to this statute now provides that such use is a class 6 felony. 18–18–404(1)(a)(I), 6 C.R.S. (2003).

3. The trial court did not differentiate between the Colorado and United States Constitutions in its ruling.

overseer of all legislative action and declare statutes unconstitutional merely because we believe they could be drafted better or more fairly applied." *People v. District Court,* 185 Colo. 78, 81, 521 P.2d 1254, 1255 (1974); *see also People v. Brown,* 632 P.2d 1025, 1027 (Colo.1981) ("[T]he defendant's burden is not to persuade this Court that the [law] is unwise, but that it is totally lacking in reason."). Thus, statutes are presumed to be constitutional, and a party challenging the statute bears the burden of demonstrating its unconstitutionality. *People v. District Court,* 185 Colo. at 81, 521 P.2d at 1255. With these background principles in mind, we now turn to the question of whether the statute under which Goodale was charged violates the Equal Protection Clauses of the United States and Colorado Constitutions. U.S. Const. amend. XIV; Colo. Const. art. II, § 25.

Equal protection of the laws requires that similarly situated people be treated similarly. *People v. Cagle,* 751 P.2d 614, 619 (Colo.1988). When two statutes provide different penalties for identical conduct, equal protection is violated if a defendant is convicted and sentenced under the harsher statute. *Id.* Equal protection may also be violated where two statutes proscribe different conduct yet offer no intelligible standard for distinguishing the conduct. *People v. Marcy,* 628 P.2d 69, 75 (Colo.1981). Thus, a statute may be unconstitutional if it imposes a harsher penalty on less serious criminal conduct. *People v. Nguyen,* 900 P.2d 37, 39–40 (Colo.1995) (declaring unconstitutional an attempted second degree assault statute which imposed greater punishment than attempted first degree assault). Nevertheless, the legislature may establish different penalties for different conduct, and "[h]arsher penalties for crimes committed under different circumstances than those which accompany the commission of other crimes do not violate equal protection guarantees if the classification is rationally based upon differences in the acts or the conduct which is proscribed." *People v. Roy,* 723 P.2d 1345, 1349 (Colo. 1986). In other words, "statutory classifications of crimes must be based on differences that are both real in fact and also reasonably related to the general purposes of the criminal legislation." *People v. Stewart,* 55 P.3d 107, 114 (Colo.2002).

## B. Legislative Scheme

Section 18–18–404(1)(a) provides that any person who uses a controlled substance commits a class 5 felony if the substance is listed on schedule I or II.[4] This section applies equally to all users of controlled substances, whether in a detention facility or not. If the court finds that a defendant charged under this statute is in need of treatment for substance abuse, it may suspend the proceedings and order the defendant into a treatment program. § 18–18–404(3). If the defendant successfully completes treatment and any other conditions imposed by the court, the court "shall discharge such person and dismiss any further proceedings against him." *Id.*

Section 18–18–404, however, explicitly excludes marihuana offenses. It proscribes the unlawful use of a controlled substance "[e]xcept as is otherwise provided for offenses concerning marihuana and marihuana concentrate in sections 18–18–406 and 18–18–406.5."[5] These marihuana offenses impose different punishment than is imposed under section 18–18–404. For example, an individual convicted under section 18–18–406.5, unlawful use of marihuana in a detention facility, is guilty of only a class 6 felony. Although punishment for this offense is less severe than it would be were the individual convicted of a class 5 felony under section 18–18–404(1)(a), section 18–18–406.5 does not provide a treatment option. Thus, a defendant convicted under section 18–18–406.5 does not receive the opportunity to request treatment and have proceedings suspend-

---

**4.** Such drugs include heroin and cocaine, among others. *See, e.g.,* § 18–18–203(2)(b)(XI), 6 C.R.S. (2003); § 18–18–204(2)(a)(IV), 6 C.R.S. (2003). If the substance is listed on schedule III, IV, or V, it is a class one misdemeanor. § 18–18–404(1)(b).

**5.** Section 18–18–406 enumerates "[o]ffenses relating to marihuana and marihuana concentrate" while 18–18–406.5 proscribes the "[u]lawful use of marihuana in a detention facility."

ed—and possibly dismissed—if the court approves the request.

### C. Section 18–18–406.5 Is Not Arbitrary or Irrational

Goodale argues that the disparate treatment under sections 18–18–404 and 18–18–406.5 does not withstand constitutional scrutiny because it is not reasonably related to the general purposes of the legislation. He claims that the Colorado legislature enacted section 18–18–406.5 precisely to encourage inmates to enter treatment programs. He relies on legislative history of the statute to support this assertion,[6] and maintains that the statute as enacted fails constitutional scrutiny because it lacks the treatment option. He further argues that use of a schedule I or II controlled substance under section 18–18–404 is a more serious crime than use of marihuana in a detention facility under section 18–18–406.5, and therefore punishing individuals more harshly for the less serious offense is irrational and violates equal protection. We disagree.

When construing a statute, a court's essential task is to determine and give effect to the intent of the legislature. *People v. Zapotocky,* 869 P.2d 1234, 1238 (Colo.1994). In order to achieve this task, we first examine the plain language of the statute itself. *Id.* If the statute is "clear and unambiguous," we must interpret it as written. *Id.* Only when the statute is unclear or ambiguous may we look beyond the words of the statute to legislative history or rules of statutory construction. *Id.*

As written, section 18–18–404 is clear and unambiguous in exempting section 18–18–406.5 from its provisions, including the treatment option. Thus, to ascertain the intent of the legislature in enacting 18–18–406.5, we need look no further than the text of both 18–18–406.5 and 18–18–404. In other words, the legislature explicitly intended that marihuana users not be given the treatment option provided for in section 18–18–404. As

such, section 18–18–406.5 is directly related to the legislature's purpose of punishing those who use marihuana in a detention facility. *See People v. Stewart,* 55 P.3d 107, 118 (Colo.2002) (finding that the legislature's enactment of a vehicular assault statute, which covered conduct that might also be covered under the second degree assault statute, was "reasonably related to the legislature's purpose of punishing those who use weapons to cause injury"). Accordingly, the only issue for this court to consider is whether section 18–18–406.5 violates equal protection because it fails to provide a treatment option, thus creating an irrational scheme that results in a harsher sentence for someone convicted of a less serious crime.

Goodale bears the burden of demonstrating that the statute under which he was convicted relies on an arbitrary distinction not based upon real in fact differences. *Stewart,* 55 P.3d at 114; *see also Chapman v. United States,* 500 U.S. 453, 465, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991). As such, he must show that no rational basis exists for the legislature to treat the use of marihuana differently than other controlled substances. Furthermore, "if any state of facts can reasonably be conceived that will justify the classification, the existence of these facts will be assumed by the courts in order to uphold the legislation." *People v. McKenzie,* 169 Colo. 521, 526, 458 P.2d 232, 234 (1969). Goodale fails to meet his burden.

Goodale's argument rests on the simple yet misleading presumption that because use of a schedule I or II controlled substance is a more serious crime than use of marihuana in a detention facility, any opportunity given to those charged with the more serious crime must also be given to those charged with the less serious crime. Such symmetry of punishment, however, is not required by our precedent. Indeed, we have said precisely the opposite: "The constitution does not demand symmetry of punishment where valid classifications, based on varieties of evils,

---

**6.** Goodale notes that during legislative hearings, the Adams County District Attorney stated the legislation was intended to encourage inmates using marihuana to enter treatment by threatening conviction of a new felony offense. Goodale

fails, however, to cite any similar statements made by legislators. Furthermore, Goodale fails to provide an explanation for why the statute as enacted does not include a treatment option.

exist." *People v. Czajkowski*, 193 Colo. 352, 356, 568 P.2d 23, 26 (1977).

By intentionally omitting marihuana from the treatment option available under section 18–18–404, the legislature explicitly chose to offer the treatment option only to those addicted to other substances. A review of our precedent demonstrates that such a classification has a rational basis based upon real in fact differences between the substances. In *People v. Stark*, 157 Colo. 59, 66, 400 P.2d 923, 927 (1965), we noted that differences between marihuana and other more dangerous drugs did not demand that the legislature treat marihuana differently. However, we later held that while the legislature was not obligated to treat marihuana differently, it was certainly within its power to do so. *McKenzie*, 169 Colo. at 526, 458 P.2d at 234. Thus, in *McKenzie* we upheld a statutory classification that resulted in harsher punishment for possession of marihuana than possession of drugs that were allegedly more dangerous to society. Similarly, in *People v. Summit*, 183 Colo. 421, 425–26, 517 P.2d 850, 852–53 (1974), we once again upheld a classification that punished marihuana possession more harshly than possession of other, allegedly more dangerous, drugs. Lastly, in *People v. Finnessey*, 747 P.2d 673, 675 (Colo. 1987), we found that "it was within the legislature's discretion to punish marihuana conspiracies more severely than other conspiracies."

As we declared in *McKenzie*, "if any state of facts can reasonably be conceived that will justify the classification, the existence of these facts will be assumed by the courts in order to uphold the legislation." 169 Colo. at 526, 458 P.2d at 234. Here, the legislature made the determination that those charged with possession of a controlled substance who suffer from addiction ought to receive the opportunity to receive treatment for that addiction in place of the criminal proceedings. It also determined that the treatment option should not be available to those charged with unlawful use of marihuana in a detention facility. Applying the rule of *McKenzie* as well as the precedent of *Stark, Summit,* and *Finnessey*, we cannot say that the action of the legislature regarding the availability of the treatment option was completely arbitrary or irrational.

Accordingly, we reverse the ruling of the trial court and remand the case for further proceedings not inconsistent with this opinion.