**Christopher CLARK, Petitioner–Appellant,**

**v.**

**The PEOPLE of the State of Colorado, Respondent–Appellee.**

No. 08CA1754.

Colorado Court of Appeals, Div. VII.

Nov. 12, 2009.

Robinson Waters & O'Dorisio, P.C., Otto K. Hilbert, II, Zachary P. Mugge, Denver, Colorado, for Petitioner–Appellant.

John W. Suthers, Attorney General, Matthew S. Holman, First Assistant Attorney General, Denver, Colorado, for Respondent–Appellee.

Opinion by Judge J. JONES.

Petitioner, Christopher Clark, appeals the district court's order denying his petition to seal his criminal records pursuant to section 24–72–308, C.R.S.2009. We affirm.

## I. Background

■ Petitioner's son was involved in a one-car rollover accident. A passing motorist called petitioner at petitioner's son's request. After arriving at the scene of the accident, petitioner stayed with his son's car while his son left in petitioner's car to call for a tow truck. A police officer came along and stopped at the scene. Petitioner told the officer that he was the driver of the vehicle involved in the accident. The officer issued petitioner a citation charging him with failure to notify police of an accident (Failure to Notify) pursuant to section 42–4–1606(1), C.R.S.2009. Failure to Notify is a class 2 misdemeanor traffic offense. § 42–4–1606(6).

The People later dismissed the Failure to Notify charge and petitioner agreed to plead guilty to a charge of false reporting to authorities (False Reporting) pursuant to section 18–8–111, C.R.S.2009. False Reporting is a class 3 misdemeanor. § 18–8–111(2). The court accepted petitioner's plea.

The guilty plea resulted in the suspension of petitioner's securities broker's license, which jeopardized his employment. Petitioner and the prosecution filed a stipulated motion to allow petitioner to withdraw his plea, and the prosecution moved to dismiss the False Reporting charge. The district court granted both motions.

Petitioner then filed his petition to seal under section 24–72–308. Subsection (1)(a)(I) of that statute provides:

> Except as otherwise provided in subparagraphs (II) and (III) of this paragraph (a), any person in interest may petition the district court of the district in which any arrest and criminal records information pertaining to said person in interest is located for the sealing of all of said records, except basic identification information, if the records are a record of official actions involving a criminal offense for which said person in interest was not charged, in any case which was completely dismissed, or in any case in which said person in interest was acquitted.

The People initially agreed that petitioner was entitled to relief under subsection (1)(a)(I). The court, however, expressed doubt whether the statute authorizes sealing records in these circumstances, specifically because of subsection (3)(a)(I) of the statute, which provides that section 24–72–308 "shall not apply to records pertaining to: (I) A class 1 or class 2 misdemeanor traffic offense...." Alerted to this provision, the People objected to the sealing of the records. The district court denied petitioner's petition to seal based on subsection (3)(a)(I).

## II. Discussion

Petitioner argues that section 24–72–308 is ambiguous as to the applicability of the exception in subsection (3)(a)(I) in circumstances such as those here. Therefore, he argues, we should resolve the ambiguity in his favor by construing the exception not to apply here because the initial charge was "mistaken, erroneous, or otherwise improper," and because another charge not subject to the exception (the class 3 misdemeanor charge) was brought in the case. Alternatively, he argues that we should construe the exception as encompassing only those portions of the records mentioning the original charge, thereby allowing parts of the records to be sealed.

Petitioner's arguments raise issues of statutory interpretation, and therefore our review is de novo. *Dubois v. People*, 211 P.3d 41, 43 (Colo.2009); *Miller v. Brannon*, 207 P.3d 923, 928 (Colo.App.2009).

"In resolving an issue of statutory interpretation, 'a court's essential task is to determine and give effect to the intent of the legislature.'" *Premier Farm Credit, PCA v. W–Cattle, LLC*, 155 P.3d 504, 513 (Colo.App. 2006) (quoting in part *People v. Goodale*, 78 P.3d 1103, 1107 (Colo.2003)); *accord Alvarado v. People*, 132 P.3d 1205, 1207 (Colo.2006). To determine the legislature's intent, we must first look to the plain language of the statute. *People v. Manzo*, 144 P.3d 551, 554 (Colo.2006); *Premier Farm Credit*, 155 P.3d at 513. If the statutory language is clear and unambiguous, we interpret the statute according to the plain and ordinary meanings of its terms. *Premier Farm Credit*, 155 P.3d at 513 (citing *Goodale*, 78 P.3d at 1107). We also interpret the statute as a whole "to give consistent, harmonious, and sensible effect to

all its parts." *Id.* (citing *Davison v. Indus. Claim Appeals Office,* 84 P.3d 1023, 1029 (Colo.2004)).

Initially, we observe that petitioner concedes the exception, subsection (3)(a)(I), applies to charges and not merely convictions—that is, although the exception refers to an "offense," that term is sufficiently broad to include a charge that does not result in a conviction. Our independent review of section 24–72–308 leads us to conclude that that construction is correct.

Therefore, our focus is whether the language of the exception, read in light of the entire statute, suggests the exceptions to the exception petitioner essentially urges us to recognize.

Subsection (3)(a)(I) applies to records "pertaining to" the covered offenses. The commonly understood meaning of "pertain" is "[t]o relate to; to concern." *Black's Law Dictionary* 1181 (8th ed.2004); *accord Webster's Third New International Dictionary* 1688 (2002). "Pertaining to" is therefore synonymous with "relating to." *See Smith v. Matthews,* 611 So.2d 1377, 1380 (La.1993) (equating the terms "relating to" and "pertaining to"); *Central States Foundation v. Balka,* 256 Neb. 369, 590 N.W.2d 832, 837 (1999) (same); *Van Schaick v. Marinelli,* 243 A.D. 7, 276 N.Y.S. 241, 243 (N.Y.App.Div. 1934) ("The word 'relate' is synonymous with 'pertain'...."). Both "pertaining to" and "relating to" are sweeping terms that should be interpreted broadly. *See Meadow Homes Development Corp. v. Bowens,* 211 P.3d 743, 749 (Colo.App.2009) ("relating to"); *see also Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992) ("relating to"); *United States v. McCutchen,* 419 F.3d 1122, 1126–27 (10th Cir.2005) ("relating to"); *United States v. Rainbow Rugs, Inc.,* 838 F.Supp. 11, 14 (D.Me.1993) ("pertain"); *Central States Foundation,* 590 N.W.2d at 837 ("relating to"). Therefore, we interpret the term "pertaining to" in subsection (3)(a)(I) as having broad application.

The records here clearly pertain to an offense excepted from the statute. The sole original charge—Failure to Notify—was a class 2 misdemeanor traffic offense—a charge excepted from the statute. The False Reporting charge was substituted for the Failure to Notify charge as a means of disposing of the original charge. The disposition of a charge clearly pertains to the charge. And, the False Reporting charge arose from the same facts from which the Failure to Notify charge arose.

We are not persuaded by petitioner's claim that the legislature could not have intended to apply the exception where the charge triggering its application is allegedly "mistaken, erroneous, or otherwise improper."[1] No such limitation is apparent from the language of the statute. And, though the purpose for the exception is not expressly set forth in the statute, the parties reasonably assume that it is to avoid inundating the courts with petitions to seal relating to minor traffic offenses. To permit parties to allege that circumstances relating to how a particular charge arose should render the exception inapplicable would require courts to engage in the same time-consuming inquiries the exception apparently seeks to preclude.

Nor are we persuaded that, under the circumstances here, we may construe the exception to allow sealing of part of criminal records where another charge to which the exception does not apply is brought. As noted, the other charge here—the class 3 misdemeanor—pertained to the original charge because it was brought as part of the disposition of the original charge and arose from the same operative facts. Nothing in the statute permits partial sealing of records pertaining to the excepted charge.

*People v. Chamberlin,* 74 P.3d 489 (Colo. App.2003), on which petitioner relies, does not support his argument. In *Chamberlin,* the defendant was charged with two felony counts, for burglary and theft. He received a deferred judgment and sentence on the burglary count, which was ultimately dismissed. As part of a plea agreement,

---

1. As the People point out, the record here is anything but clear that the original charge of Failure to Notify was in any way mistaken, erro-

neous, or otherwise "improper." Indeed, the People plausibly argue that the original charge was appropriate.

the defendant pleaded guilty to a lesser misdemeanor count and the theft charge was dismissed. *Id.* at 489. The district court ordered the records sealed despite the misdemeanor conviction. On appeal, however, a division of this court concluded that the defendant's records could not be sealed, despite the dismissal of one of the charges, because all other charges had not been completely dismissed. *Id.* at 490–91.

Petitioner contends the *Chamberlin* division relied solely on the fact that the underlying criminal case had not been "completely dismissed," and therefore argues that because the charge in his case was completely dismissed, the division's ruling in *Chamberlin* that sealing was improper does not apply here. However, *Chamberlin* did not involve the exception in subsection (3)(a)(I), and therefore did not address when one charge may "pertain[ ] to" a class 1 or 2 misdemeanor traffic offense. *Chamberlin* sheds no light on this case.

■ We recognize the principle that where a statute establishes a general rule subject to exceptions, we should interpret the exceptions narrowly to preserve the general rule's primary operation. *See Brodak v. Visconti,* 165 P.3d 896, 898 (Colo.App.2007). However, we perceive no conflict between that principle and our construction of "pertaining to" in subsection (3)(a)(I). Though an exception should not be applied beyond the reach of its clear terms, it should be applied to the full reach of its clear terms, even if those terms call for a broad application.

Petitioner essentially urges us to engraft exceptions to the exception in subsection (3)(a)(I). But we will not reduce the scope of the exception by adding exceptions, limitations, or qualifiers thereto that are not suggested by the plain language of the statute. *Miller,* 207 P.3d at 932; *People v. Sorrendino,* 37 P.3d 501, 504 (Colo.App.2001); *see Town of Telluride v. Lot Thirty–Four Venture, L.L.C.,* 3 P.3d 30, 35–36 (Colo.2000). Therefore, petitioner is not entitled to relief under section 24–72–308(1)(a)(I).

The district court's order is affirmed.

Judge TERRY concurs.

Judge RUSSEL dissents.

Judge RUSSEL dissenting.

There is no doubt that a court may seal records involving a charge of false reporting if that charge was "completely dismissed." *See* § 24–72–308(1)(a)(I), C.R.S.2009. And there is no doubt that the prosecution completely dismissed a charge of false reporting against Christopher Clark.

Nevertheless, the majority concludes that the district court may not seal the records that relate to Clark's charge of false reporting because those records also pertain to a charge of failure to notify, a class 2 misdemeanor traffic offense. I respectfully disagree with this conclusion.

I recognize, of course, that a court may not seal "records pertaining to . . . [a] class 1 or class 2 misdemeanor traffic offense." § 24–72–308(3)(a)(I), C.R.S.2009. And I agree that the term "pertaining to" should be read broadly to encompass documents of all types. But I do not think that these observations foreclose the relief that Clark seeks. I think it is possible to seal a record insofar as it relates to one offense, even if that record must remain unsealed for other purposes.

I offer three observations in support of my view.

First, I see no practical impediment to offense-specific sealing. When a record is sealed under the statute, it is not expunged. Instead, its existence becomes a fact that legally may be denied. *See* § 24–72–308(1)(d), C.R.S.2009 ("Upon the entry of an order to seal the records, the petitioner and all criminal justice agencies may properly reply, upon any inquiry in the matter, that no such records exist with respect to such person."). If a record pertains to more than one charge, its existence may be denied in response to certain inquiries but admitted in response to inquiries that include class 1 or 2 misdemeanor traffic offenses.

Second, offense-specific sealing furthers legislative policy because it gives broad effect to the general rule set forth in section 24–72–308(1)(a)(I) without frustrating the exception set forth in section 24–72–308(3)(a)(I). Like

the majority, I assume that the legislature adopted this latter provision because it wanted to avoid inundating the courts with petitions that arise from minor traffic cases. Unlike the majority, however, I think that offense-specific sealing would not generate a flood of petitions because minor traffic cases generally involve traffic charges only.

Third, the statute does not expressly prohibit offense-specific sealing. This is significant—more significant than the absence of express authorization—because the legislature expressly prohibited offense-specific sealing in a related statute. *See* § 24–72–308.5(2)(i), C.R.S.2009 (if a case results in more than one conviction, records of a drug conviction may be sealed "only if the records of every conviction of the defendant resulting from that case may be sealed pursuant to the provisions of this section"). Because the express prohibition appears "in only one of two statutes that deal with closely related subject matter, it is reasonable to infer that the failure to include that provision in the other statute was deliberate rather than inadvertent." *Troise v. Extel Communications, Inc.,* 345 N.J.Super. 231, 784 A.2d 748, 754 (App.Div.2001), *aff'd,* 174 N.J. 375, 808 A.2d 96 (2002); *see People in Interest of S.G.L.,* 214 P.3d 580, 586 (Colo.App.2009).

I conclude that section 24–72–308(1)(a)(I) authorizes the relief that Clark seeks. Whether such relief is appropriate is a matter committed to the district court's sound discretion. I therefore would vacate the court's order and remand with directions to consider the merits of Clark's motion.