### IN RE Petition of R.C., Petitioner–Appellant.

### Court of Appeals No. 11CA1940

Colorado Court of Appeals,
Div. I.

Prior Opinion Announced May 9, 2013,
WITHDRAWN on Court's Own
Motion

Announced May 23, 2013

Law Office of Brian K. McHugh, Brian K. McHugh, Littleton, Colorado, for Petitioner-Appellant.

John W. Suthers, Attorney General, John T. Lee, Assistant Attorney General, Denver, Colorado, for Respondent-Appellee.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S. 2012.

1. A class 2 petty offense for possession of less than two ounces of marijuana is punishable by a fine as provided in the statute defining the offense, here not more than $100, section 18–18–406(1), C.R.S. 2012; and for possession of drug

Opinion by JUDGE ROY \*

¶ 1 Petitioner, R.C., appeals a district court's order denying his petition to seal records of non-traffic offense charges brought against him that were subsequently dismissed. We reverse and remand with directions.

## I. Issue Presented

¶ 2 The issue presented here is whether criminal justice records of an arrest and charges, which include both traffic and non-traffic offenses, can be sealed under section 24–72–308, C.R.S. 2012 (the statute), as to the non-traffic offenses. We decline to follow the majority opinion of a division of this court in *Clark v. People*, 221 P.3d 447 (Colo. App.2009), and we answer in the affirmative.

## II. Background

¶ 3 Petitioner was charged in the Douglas County Court with possession of marijuana in violation of section 18–18–406(3)(a)(I), C.R.S. 2012 (a class 2 petty offense); possession of drug paraphernalia in violation of section 18–18–428(2), C.R.S. 2012 (a class 2 petty offense); and unsafe lane change in violation of section 42–4–1007, C.R.S.2012 (a class A traffic offense).[1] After his successful completion of a juvenile diversion program, all of the charges were dismissed with prejudice.

¶ 4 Subsequently, petitioner commenced these proceedings by filing a verified petition in the Douglas County District Court pursuant to the statute, requesting that the records of the case be sealed. In his petition, he alleged, among other things: "[He had] lost a job and been declined for employment at one other job due to the existence of records relating to this dismissed case. Other employment opportunities may have been

paraphernalia, not more than $100, section 18–18–428(2); a class B traffic infraction is punishable by a fine of not less than $15 nor more than $100. It is noted that the various driving under the influence of alcohol offenses are misdemeanors, not traffic misdemeanors, and are arguably sealable under the provisions of section 24–72–308.

lost due to the existence of the records."[2] The prosecution, relying on *Clark,* objected to the sealing of the records. At the hearing, both parties agreed that *Clark* was controlling. However, petitioner argued that the *Clark* dissent provided the better-reasoned approach to interpreting section 24–72–308(3)(a)(I), C.R.S. 2012, and he urged the court to grant his petition.

¶ 5 The court denied the petition, and this appeal follows.

### III. Standard of Review

■ ¶ 6 Statutory interpretation presents a question of law that we review de novo. *People v. Vecellio,* 2012 COA 40, ¶ 13, 292 P.3d 1004, 1010.

### IV. Statutory Construction

■ ¶ 7 When interpreting a statute, our primary purpose is to ascertain and give effect to the legislature's intent. *People v. Kovacs,* 2012 COA 111, ¶ 9, 284 P.3d 186, 188. To this end, we look first to the statute's plain language, giving words and phrases their plain and ordinary meanings. *Id.* In addition, we must interpret a statute in a way that best effectuates the legislative intent and purpose. *Id.* at 284 P.3d at 188. Thus, we must interpret relevant statutory provisions as a whole, giving consistent, harmonious, and sensible effect to their parts. *Id.*

■ ¶ 8 A remedial statute is to be liberally construed to accomplish its object. § 2–4–212, C.R.S. 2012; *Colorado & S. Ry. v. State R.R. Commission,* 54 Colo. 64, 77, 129 P. 506, 512 (1912); *cf. Flood v. Mercantile Adjustment Bureau, LLC,* 176 P.3d 769, 773 (Colo. 2008); *Mishkin v. Young,* 198 P.3d 1269, 1273 (Colo.App.2008).

¶ 9 Furthermore, exceptions to a remedial statute are to be strictly construed. 3 Norman J. Singer & J.D. Shambie Singer, *Statutes and Statutory Construction* § 60. 1, at 263 (7th ed. 2012) (*Sutherland*) (citing *Golf Channel v. Jenkins,* 752 So.2d 561, 565 (Fla. 2000); *State Admin. Bd. of Election Laws v.*

*Billhimer,* 314 Md. 46, 64, 548 A.2d 819, 828 (1988); *Hubner v. Spring Valley Equestrian Center,* 203 N.J. 184, 195, 1 A.3d 618, 624 (2010); *Las Campanas Ltd. Partnership v. Pribble,* 123 N.M. 520, 525, 943 P.2d 554, 559 (Ct.App.1997); and *Hulse v. Job Service North Dakota,* 492 N.W.2d 604, 607 (N.D. 1992)).

### V. The Statute

¶ 10 Section 24–72–308 states, as pertinent here:

(1)(a)(I) . . . [A]ny person in interest may petition the district court of the district in which any arrest and criminal records information pertaining to said person in interest is located for the sealing of all of said records, except basic identification information, if the records are a record of official actions involving a criminal offense for which said person in interest was not charged, in any case which was completely dismissed, or in any case in which said person in interest was acquitted.

. . . .

(d) Upon the entry of an order to seal the records, the petitioner and all criminal justice agencies may properly reply, upon any inquiry in the matter, that no such records exist with respect to such person.

. . . .

(f)(I) Employers, educational institutions, state and local government agencies, officials, and employees shall not, in any application or interview or in any other way, require an applicant to disclose any information contained in sealed records. An applicant need not, in answer to any question concerning arrest and criminal records information that has been sealed, include a reference to or information concerning such sealed information and may state that no such action has ever occurred. Such an application may not be denied solely because of the applicant's refusal to disclose arrest and criminal records information that has been sealed.

. . . .

---

**2.** The prosecution did not challenge petitioner's allegation in its response to the petition, and the parties have submitted a court-approved "Stipulated Statement in Lieu of [a] Transcript," which contains no indication that the prosecution challenged petitioner's allegation in this regard.

(3) Exceptions. (a) This section shall not apply to records *pertaining to*:

(I) A class 1 or class 2 misdemeanor traffic offense;

(II) A class A or class B traffic infraction;

(III) A conviction for a [misdemeanor DUI] violation of section 42–4–1301(1), C.R.S. [2012]....

(Emphasis added.)

## VI. *Clark v. People*

¶ 11 In *Clark*, the defendant's son was involved in a one-vehicle accident. *Clark*, 221 P.3d at 448. A passing motorist called the defendant at his son's request. *Id.* The defendant arrived at the scene, where he remained while his son took the defendant's vehicle to contact a tow truck. *Id.* A passing officer stopped, and the defendant stated that he was the driver of the vehicle involved in the accident. *Id.* Ultimately, the officer issued a citation charging the defendant with failure to notify the police of the automobile accident, a class 2 misdemeanor *traffic* offense. *Id.* The defendant pled guilty to false reporting, a class 3 misdemeanor. *Id.* When the defendant's securities license was placed in jeopardy because of the plea, the court allowed the defendant, with the prosecution's consent, to withdraw his plea, and the false reporting charge was dismissed. *Id.*

¶ 12 The majority in *Clark* recognized a general rule of construction, which is that "where a statute establishes a general rule subject to exceptions, we should interpret the exceptions narrowly to preserve the general rule's primary operation." *Id.* at 450 (citing *Brodak v. Visconti*, 165 P.3d 896, 898 (Colo. App.2007) (medical treatment exception to the driver's right to select test to determine alcohol content of his or her blood), which in turn cited *City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725, 731–32, 115 S.Ct. 1776, 1780, 131 L.Ed.2d 801 (1995) (exemption to FHA occupancy restrictions), and *Commissioner of Internal Revenue v. Clark*, 489 U.S. 726, 739, 109 S.Ct. 1455, 1463, 103 L.Ed.2d 753 (1989) (exception in internal revenue code)). The statutes at issue in these cases

do not appear to be remedial. Furthermore, the majority noted that the parties had reasonably assumed that the purpose of the exception was to avoid inundating the courts with petitions to seal records of minor traffic offenses.[3] *Clark*, 221 P.3d at 449. We also agree that the assumption is reasonable.

¶ 13 The majority concluded that the phrase "pertaining to," as used in section 24–72–308(3)(a), was synonymous with "relating to" and should be given broad application, stating:

> [The exception] should be applied to the full reach of its clear terms, even if those terms call for a broad application.... [And] we will not reduce the scope of the exception by adding exceptions, limitations, or qualifiers thereto that are not suggested by the plain language of the statute.

*Id.* at 449. Therefore, the petitioner was not permitted to seal the record of the charge of false reporting because the record also contained the dismissed charge of failure to notify, a traffic offense. *Id.* at 449–50.

¶ 14 Judge Russel, in dissent, agreed that the court cannot seal "records pertaining to" traffic infractions and that the exception encompasses documents of all types; however, he did not agree that that foreclosed relief. *Id.* at 450–51 (Russel, J., dissenting). He disagreed because (1) he saw no practical impediment to offense-specific sealing; (2) he believed that offense-specific sealing would further the legislative policy because it gives broad effect to the general rule; and (3) he concluded that the statute does not prohibit offense-specific sealing. *Id.* at 449.

## VII. Analysis

■ ¶ 15 Our supreme court in *People v. D.K.B.*, 843 P.2d 1326, 1331–32 (Colo.1993), held that a predecessor and broader version of the statute was remedial in nature because it did not create or destroy substantive rights, and its repeal, which accompanied the adoption of the present version of the statute, had retroactive application to pending proceedings. *See also E.J.R. v. District*

---

**3.** We have reviewed the legislative history, and it does not contain any indication of the purpose for the exception.

*Court,* 892 P.2d 222, 224 (Colo.1995); 3 *Sutherland* § 60:2, at 265–66. Therefore, as previously noted, the statute is to be liberally construed to further its objectives, and exceptions are to be strictly construed.[4]

¶ 16 The purpose of the statute, which is to relieve a very limited number of persons charged with criminal offenses from the stigma that comes with having been arrested for, or charged with, but ultimately not convicted of, an offense or offenses, is clearly discernible from subsections (1)(d) and (f)(I). *See* § 24–72–308(1)(d), (f)(I). In those subsections, after an order sealing a record is entered: (1) a criminal justice agency may reply that no record exists as to the matters contained in the sealed record; (2) a potential employer, educational institution, and certain public officials shall not compel an applicant to disclose information contained in a sealed record; (3) an applicant need not answer questions concerning matters in the sealed record; (4) an applicant may say that the matters contained in the sealed record did not occur; and (5) an application may not be denied solely because of the applicant's refusal to disclose information contained in the sealed record. *See id.* The fourth may be accurately characterized as a license to prevaricate.

¶ 17 We do not read "pertaining to" as broadly as the majority in *Clark.* The synonymous terms "pertaining to" and "relating to" may also be read narrowly in a multi-count case to exclude from sealing only the charges enumerated. In our view, the phrase can be read as "of" and certainly cannot be read to mean "containing," which is the practical effect of the *Clark.* Our reading is compelled by the admonition that exceptions to remedial statutes are to be read strictly.

¶ 18 This conclusion is consistent with the assumed, and apparent, purpose of the traffic offense exception, which is to prevent courts from being inundated with petitions to seal records of arrests for, or charges of, traffic offenses, particularly routine traffic offenses. While the petition here seeks to seal the entire criminal record, the statutory purpose can be satisfied by sealing records of non-traffic offenses in a criminal record that includes both. It would require the suspension of disbelief to conclude that petitioner lost one job, and was denied another, because of a routine traffic offense. There is no indication in the statute that the General Assembly intended that the tail should wag the dog.

¶ 19 Moreover, we reject the prosecution's assertion that other divisions of this court have "repeatedly found that the legislative intent was not to allow for offense-specific sealing." The two cases cited by the prosecution concern petitioners who were charged with offenses that were not "completely dismissed," as section 24–72–308(1)(a)(I) expressly requires. *See Warren v. People,* 192 P.3d 477 (Colo.App.2008); *People v. Chamberlin,* 74 P.3d 489 (Colo.App.2003). Thus, under the clear language of the statute, those petitioners were not eligible to have their criminal records sealed for any purpose. *See Warren,* 192 P.3d at 478–80; *Chamberlin,* 74 P.3d at 489–91. In contrast, here, the case against petitioner was "completely dismissed," as the statute requires. § 24–72–308(1)(a)(I).

¶ 20 In terms of the remedy, we agree with Judge Russel. The statute does not appear to contemplate petitions to seal records for cases that include both traffic offenses and non-traffic offenses. The statute does not speak to how such cases should be handled. Therefore, if the district court "finds that the harm to the privacy of the petitioner or dangers of unwarranted adverse consequences to the petitioner outweigh the public interest in retaining the record," as to the drug offenses, it should seal the criminal records as to those charges. § 24–72–308(1)(c).

¶ 21 The order is reversed, and the case is remanded for further proceedings consistent with the views expressed in this opinion.

Judge TAUBMAN and Judge GRAHAM concur.

---

4. We are not going to attempt to parse the distinction between "narrowly" and "strictly" as, in our view, any distinction is not determinative of the issue before us.