**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2157-22

ANGEL CRUZ, EMANUEL
RUPERTO LOPEZ, FERDINAND
TORRES, EUCLIDES RUPERTO
MENDEZ, LUIS OBANDO, JOSE
ADOLFO BARRAZA, EFRAIN
MORALES, WALTER
CHAVARRIA, ANGEL E. CALVA
SALAS, JOSE VERA VALDEZ,
ANTONIO M. DA ROSA, and
WILFREDO SANCHEZ,

     Plaintiffs-Appellants,

v.

ASPEN LANDSCAPING
CONTRACTING, INC. and
MARIA FUENTES,

     Defendants,

and

EASTERN LANDSCAPE
CONTRACTORS, INC., and
DONALD FUENTES,

     Defendants-Respondents.

_____

Argued May 1, 2024 – Decided December 27, 2024

Before Judges Vernoia and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-8360-16.

Jeffrey W. Varcadipane argued the cause for appellants (Varcadipane & Pinnisi, PC, attorneys; Jeffrey W. Varcadipane, on the briefs).

Michael A. Spizzuco, Jr. argued the cause for respondents (Brach Eichler, LLC, attorneys; Anthony M. Rainone, on the brief).

The opinion of the court was delivered by

VERNOIA, P.J.A.D.

In their fourth-amended complaint, plaintiffs Angel Cruz, Emanuel Ruperto Lopez, Ferdinand Torres, Euclides Ruperto Mendez, Luis Obando, Jose Adolfo Barraza, Efrain Morales, Walter Chavarria, Angel E. Calva Salas, Jose Vera Valdez, Antonio M. Da Rosa and Wilfredo Sanchez allege defendants, Aspen Landscaping Contracting Inc. (Aspen), Maria Fuentes (Maria), Donald Fuentes (Donald), and an alleged successor company of Aspen, Eastern Landscape Contractors Inc. (Eastern) (collectively, "defendants"), breached various contractual obligations and violated "New Jersey Wage and Hour Laws, N.J.S.A. 34:11-1 to -68," by failing to pay to them wages, including overtime

pay, during the years 2006 through 2017.[1]  Plaintiffs appeal from orders granting Donald and Eastern's motion to dismiss the complaint for failure to state a claim upon which relief may be granted and denying plaintiffs' motion for reconsideration of the dismissal order.[2]  We reverse in part, vacate in part, and remand for further proceedings.

I.

The initial complaint in this matter was filed on December 6, 2016, against Aspen as the sole defendant.  A first-amended complaint, naming only Aspen as a defendant, was filed on July 9, 2018.  A second-amended complaint, adding three additional plaintiffs, was filed on September 10, 2018, again only against Aspen.

In November 2019, Aspen filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey.  Plaintiffs entered an appearance in the bankruptcy proceeding and Aspen filed a notice of bankruptcy in plaintiffs' pending Law Division action.

---

[1]  Because Maria Fuentes and Donald Fuentes share the same surname, we refer to them by their first names for clarity, intending no disrespect in doing so.

[2]  Plaintiffs' claims against Aspen were addressed and resolved in a bankruptcy proceeding and plaintiffs settled their claims against Maria.

In February 2020, plaintiffs filed a motion in the Law Division for leave to amend their complaint to add Maria as a defendant. The court granted plaintiffs' motion, and, on May 22, 2020, the court granted plaintiffs' motion for leave to add Donald and Eastern as defendants. On June 22, 2020, plaintiffs filed a third-amended complaint, adding for the first time Maria, Donald, and Eastern as defendants in the Law Division action.

Donald and Eastern removed the third-amended complaint, which included a cause of action alleging a violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 to 219, to the United States District Court for the District of New Jersey. In the federal action, plaintiffs moved to file a fourth-amended complaint that did not include the FLSA claim. The District Court granted plaintiffs' motion and remanded the matter to the Law Division because it no longer included a federal claim.

After the matter returned to the Law Division, plaintiffs filed the fourth-amended complaint that is at issue on this appeal. Donald and Eastern moved to dismiss the complaint pursuant to Rule 4:6-2(e) for failure to state a claim and the court granted their motion. Plaintiffs appeal from the dismissal order and the court's subsequent order denying plaintiffs' motion for reconsideration.

A-2157-22

Because the appeal requires our consideration of the disposition of a Rule 4:6-2(e) motion to dismiss a complaint for failure to state a claim upon which relief may be granted, we "examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)). We therefore limit the following summary of the facts to those asserted in plaintiffs' fourth-amended complaint (the complaint) because it is the operative complaint for our analysis of the dismissal order that is the subject of this appeal.

At all times relevant to the allegations in the complaint, plaintiffs were employed by Aspen, which is "a landscaper that performs large scale landscaping services throughout New Jersey." Maria is Aspen's sole shareholder and managing partner. Donald "was an equitable owner and managing officer" of Aspen. At some unidentified time, Donald departed from Aspen and formed a new business, Eastern, that "he, along with certain family members, owns and operates."

In November 2019, "Aspen filed a petition for bankruptcy relief under Chapter 11 in the United States Bankruptcy Court for the District of New

Jersey." As a result of the filing, the Law Division stayed plaintiffs' action against Aspen. Although not alleged in the complaint, the parties agree that subsequent to the filing of the complaint in the Law Division action, plaintiffs' claims against Aspen were resolved in the bankruptcy proceeding.

In the complaint plaintiffs allege that at all times relevant to their claims, plaintiffs were engaged and employed to perform, and performed, work for Aspen. Plaintiffs' "work and/or employment with Aspen was the subject of certain contracts, of which [p]laintiffs were either signatories and/or third-party beneficiaries." Other than plaintiffs Chavarria and Luis Obando, the remaining "[p]laintiffs were members of unions and were intended third-party beneficiaries of their respective union's collective bargaining agreements." Plaintiffs alleged that Aspen was bound by the various contracts to pay plaintiffs "for all the time they spent working, including additional pay for hours worked that constituted 'overtime' and the hourly wages for said work" in addition to "the benefits and other remuneration" required under the contracts and collective bargaining agreements.

During the years 2006 through 2017, plaintiffs performed work for, and were employed by, Aspen "and were routinely required to work hours for Aspen" for which they were not paid, including "hours that should have been

paid at overtime rates." Aspen and its principals "intentionally and knowingly" failed and refused to pay plaintiffs "for hours they worked, including overtime hours."

Plaintiffs and others complained to their respective union representatives regarding Aspen's failure to pay for hours of work performed but they were not provided any remedy. "[S]hortly after any individual logged any such complaint, Aspen['s] principals, executives and/or managers, including [Maria], would reprimand and/or terminate said individual(s)." Those actions were taken "as direct retaliations for any complaints pertaining to Aspen's refusal to pay workers for all hours they had worked, including overtime." Aspen failed to pay plaintiffs for all the hours they had worked, including overtime hours. According to the complaint, Eastern is "a successor entity" to Aspen.

Based on those factual allegations, plaintiffs asserted two causes of action.[3] In the first, plaintiffs allege Aspen breached the various contracts with plaintiffs and their collective bargaining representatives that required Aspen to pay plaintiffs "specified wages for all the time [p]laintiffs devoted to work on

---

[3] The complaint also includes a third cause of action, asserting Aspen violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 to 219. It appears that claim was resolved against Aspen in the bankruptcy proceeding or was otherwise withdrawn during the litigation in the United States District Court. Its disposition is not an issue on this appeal.

behalf of Aspen," including time spent working overtime. Plaintiffs further alleged Eastern, as a successor entity to Aspen, "is liable for all damages accruing to Aspen."

The second cause of action alleged that Aspen, Maria, Donald, and Eastern, as a successor to Aspen, had violated the "New Jersey Wage and Hour Laws, N.J.S.A. 34:11-1 to -68." Plaintiffs asserted: Aspen had "defaulted on its wages obligations" by filing the bankruptcy petition; Maria was personally liable for the unpaid wages "as Aspen's sole shareholder and managing officer"; Donald was personally liable for the unpaid wages "[b]y virtue of his position as an equitable owner and managing officer of Aspen"; and Eastern was liable for all damages accruing to Aspen "as a successor entity."

Donald and Eastern moved for dismissal of the complaint, arguing the facts in the complaint failed to state a claim upon which relief may be granted. See R. 4:6-2(e). At oral argument on the motion, the court noted that plaintiffs had clarified that the complaint's allegation Donald and Eastern had violated the New Jersey wage and hour laws included claimed violations of the New Jersey Prevailing Wage Act (PWA), N.J.S.A. 56:11-56.25 to -48, the New Jersey Wage

Payment Law (WPL), N.J.S.A. 34:11-4.1 to -4.14, and the New Jersey Wage and Hour Law (WHL), N.J.S.A. 34:11-56a to -56a38.[4]

Donald argued the complaint did not assert a claim against him upon which relief could be granted because he was not an employer bound by the requirements of the WHL, WPL, or PWA, and any claims against him under those statutes were time-barred by the applicable statutes of limitation. Eastern argued the complaint failed to state a claim against it because it had not been formed when the alleged statutory violations occurred, the complaint did not allege facts sufficient to support a claim it was a successor to Aspen, and the claims were otherwise time-barred. In response, plaintiffs argued the claims were timely filed because their causes of action against Donald and Eastern—

---

[4] The court also referred to the New Jersey Wage Theft Act, L. 2019, c. 212, which was enacted in August 2019. The Act "confers upon an aggrieved employee" the right to "recover in a civil action the full amount of any wages due, or any wages lost because of retaliatory action taken in violation of [N.J.S.A. 34:11-4.10(a)], . . . plus an amount of liquidated damages equal to not more than 200 percent of the wages lost or of the wages due, together with costs and reasonable attorney's fees." Musker v. Suuchi, 479 N.J. Super. 38, 43-44 (App. Div. 2024) (alteration in original) (quoting Maia v. IEW Constr. Grp., 475 N.J. Super. 44, 50-51 (App. Div. 2023)), rev'd on other grounds, 257 N.J. 330 (2024). The court did not further address the statute, and plaintiffs do not argue on appeal the court erred by dismissing any purported claim under the statute. As such, any putative challenge to the court's order dismissing the claim under Rule 4:6-2(e) is deemed abandoned. See Drinker Biddle & Reath LLP v. N.J. Dep't of L. & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011).

and Maria as well—did not accrue until Aspen defaulted on its obligation to pay the claimed wages, and that occurred when Aspen filed its bankruptcy petition.[5]

The court found there was no legal authority for plaintiffs' claim the alleged causes of action against Donald, as a putative employer of plaintiffs, and Eastern, as a successor to Aspen, did not accrue until Aspen filed for bankruptcy. The court further found that plaintiffs had known about Donald as a putative employer "from the very beginning" and, as such, the statute of limitations on the asserted claims "run[] from the date, Aspen and Maria and Donald . . . did not pay the wages and . . . not from the time that Aspen filed for bankruptcy." The court found plaintiffs' claims against Donald and Eastern barred under the applicable statutes of limitation, there was no basis to find the claims against Donald and Eastern for the first time in 2020 related back to the filing of the original complaint in 2016, and plaintiffs had not pleaded facts sufficient to

---

[5] During the argument on Donald's and Eastern's motion to dismiss, the court also decided and granted Maria's motion for reconsideration of a prior order denying her motion to dismiss the complaint against her. The court granted the reconsideration motion and dismissed the complaint against her as well. The order entered on Maria's reconsideration motion is not included in the record on appeal. We need not address the court's order dismissing the complaint as to Maria because it is not challenged on appeal and has no relevance to a disposition of Donald and Eastern's arguments on appeal. And, as noted, Maria and plaintiffs later entered into a settlement.

establish that Eastern was either a successor to Aspen or had liability as a successor to Aspen.

The court entered an order dismissing plaintiffs' complaint. Plaintiffs moved for reconsideration of the order. The court denied the reconsideration motion and entered a memorializing order. Plaintiffs appeal from the court's orders.

## II.

We conduct a de novo review of a court's decision granting a motion to dismiss a complaint for failure to state a claim upon which relief may be granted under Rule 4:6-2(e), "affording no deference to the trial judge's legal conclusions." Maia, 257 N.J. at 341. In determining the adequacy of a complaint, we must determine "whether a cause of action is 'suggested' by the facts." Ibid. (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). However, a complaint should be dismissed when it "fails to state a 'claim that supports relief, and discovery will not give rise to such a claim.'" Id. at 341-42 (quoting Dimitrakopoulos, 237 N.J. at 107). The analysis of a motion to dismiss under Rule 4:6-2(e) requires that the court "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim,

opportunity being given to amend if necessary." Printing Mart-Morristown, 116 N.J. at 746 (quoting De Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). A court must give the non-moving party every inference in evaluating whether to dismiss a claim under Rule 4:6-2(e). See NCP Liti. Tr. v. KPMG, LLP, 187 N.J. 353, 365 (2006); Banco Popular N. Am. v. Gandi, 184 N.J. 161, 165-66 (2005).

Here, as noted, in their complaint plaintiffs assert a breach of contract claim against Eastern and separately alleged Eastern and Donald are liable for violations of "New Jersey Wage and Hour Laws" codified in "N.J.S.A. 34:11-1 and 68." More particularly, plaintiffs allege Eastern and Donald are liable for violations of the PWA, WPL, and WHL, each of which fall within the statutes cited in the complaint. We therefore consider whether the complaint states a cause of action upon which relief may be granted on those claims in the complaint.

We begin by noting that we agree with plaintiffs that the motion court erred by finding the complaint averred defendants failed to pay wages due only for overtime hours worked. The complaint alleges more than that. The complaint asserts plaintiffs were not paid "specified wages for all time [they] devoted to work on behalf of Aspen, including . . . additional wages for overtime

worked" and defendants failed to pay wages due "for <u>all</u> the hours they worked . . . <u>and</u> . . . overtime wages." (Emphasis added). Those allegations plainly state claims that, as a matter of fact, plaintiffs were not paid wages for hours worked at both regular and overtime pay rates. We reject the court's conclusion and Donald and Eastern's claim to the contrary and therefore consider whether those facts support a cognizable claim against Donald and Eastern under the breach of contract and statutory causes of action asserted in the complaint.

Plaintiffs' breach-of-contract claim is asserted against Aspen and Eastern. Plaintiffs do not allege or claim Donald is liable for any purported breach of contract. They allege that at all relevant times—from 2006 through 2017—plaintiffs worked for Aspen and it failed to pay them wages as required under various "contracts and/or collective bargaining agreements." They further allege plaintiffs suffered damages as a result of Aspen's failure to pay the wages. The singular allegation against Eastern is that it is liable for those damages "as a successor entity" to Aspen.

A determination as to whether a corporation is a successor to, and therefore liable for, the obligations of a predecessor corporation requires a fact-sensitive inquiry. For example, as a general rule, "when a company sells its assets to another company, the acquiring company is not liable for the debts and

liabilities of the selling company simply because it has succeeded to the ownership of the assets of the seller." Lefever v. K.P. Hovanian Enters., 160 N.J. 307, 310 (1999). There are exceptions to the rule where: "(1) the successor expressly or impliedly assumes the predecessor's liabilities; (2) there is an actual or de facto consolidation or merger of the seller and the purchaser; [or] (3) the purchasing company is a mere continuation of the seller[.]" Ibid. "A necessary predicate to a finding of successor liability" is the successor company must acquire "all or substantially all" of the predecessor's assets. 160 W. Broadway Assocs., LP v. 1 Mem'l Drive, LLC, 466 N.J. Super. 600, 613 (App. Div. 2021).

We do not suggest that we have provided an exhaustive summary of the legal principles that may be applicable to determining if Eastern has successor liability for Aspen's alleged breach of contractual obligations owed to plaintiffs.[6]

_____

[6] We reject plaintiffs' contention that N.J.S.A. 34:11-58.1 provides the applicable standard for determining whether Eastern is a successor to Aspen such that the complaint stated a claim Eastern is liable for Aspen's alleged breach of contractual obligations owed to plaintiffs or Aspen's alleged violations of various wage and hour laws. The statute states "[a] rebuttable presumption that an employer has established a successor entity arises if the two share at least two of" eight specified "capacities or characteristics," N.J.S.A. 34:11-58.1(d)(1) to (8), but by its express terms the statute applies only where the New Jersey Commissioner of Labor has issued "a written determination directing any appropriate agency to suspend one or more licenses held by [an] employer or successor firm of the employer until the employer complies with [a] determination or judgment" of the Commissioner or a court "made under the

14

We note the foregoing simply to illustrate that plaintiffs' assertion Eastern is a "successor" to Aspen constitutes nothing more than a legal conclusion that is untethered to any factual allegations necessary to support a successor-liability claim.

"In reviewing a complaint dismissed under Rule 4:6-2(e) our inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown, 116 N.J. at 746; see also Baskin, 246 N.J. at 171; R. 4:5-2 (providing pleadings setting forth a claim for relief shall include "a statement of facts on which the claim is based"). We have engaged in the requisite "painstaking" review of the "complaint's allegations of fact . . . with a generous and hospitable approach" and are unable to find a single allegation of fact supporting plaintiffs' successor-liability claim against Eastern. Printing Mart-Morristown, 116 N.J. at 746. In the absence of any allegations of fact supporting it, plaintiffs' singular conclusory assertion Eastern is a successor to Aspen is simply insufficient to support the successor-liability claim. See Scheidt v. DRS Techns., Inc., 424 N.J. Super. 188, 193 (App. Div. 2012)

_____

provisions of State wage and hour laws." There is no allegation the Commissioner of Labor has issued any such order here. Moreover, even if the statute applied, plaintiffs' complaint does not include factual allegations sufficient to support a finding of any of the statutory factors supporting the "rebuttable presumption." See N.J.S.A. 34:11-58.1(d)(1) to (8).

(explaining "conclusory allegations are insufficient" to sustain a claim upon which relief may be granted under Rule 4:6-2(e)); Glass v. Suburban Restoration Co., 317 N.J. Super. 574, 582 (App. Div. 1998) ("It has long been established that pleadings reciting mere conclusions without facts . . . do not justify a lawsuit."). The court therefore correctly concluded plaintiffs' failed to state a claim upon which relief may be granted on the asserted breach-of-contract cause of action against Eastern.

For the same reasons, the court correctly found plaintiffs failed to state a cognizable cause of action on their statutory claims—alleged by plaintiffs under "New Jersey Wage and Hour Laws"—against Eastern. Those claims against Eastern—set forth in count two of the complaint—are also founded on the allegation that Aspen had violated the PWA, WHL, and WPL and the conclusory assertion Eastern is liable as Aspen's successor. The complaint is bereft of any factual allegations which, even if accepted as true, support a finding Eastern is a successor to Aspen. And, for that reason, we find no error in the court's determination plaintiffs failed to state any cognizable claims against Eastern under the various statutes. Again, plaintiffs' conclusory assertion Eastern is a successor to Aspen, in the absence of any supporting facts, does not support the

16

statutory causes of action against Eastern as a purported successor to Aspen. See Scheidt, 424 N.J. Super. at 193; Glass, 317 N.J. Super. at 582.

We next consider plaintiffs' claims against Donald. In the complaint, plaintiffs allege Donald is personally liable for Aspen's alleged failure to pay wages pursuant to the PWA, WPL, and WHL because he was an "equitable owner and managing officer of Aspen" and therefore qualifies as an "employer" under the statutes who has personal liability for any failure to pay the wages, including wages for overtime hours worked, as required. The motion court dismissed the claims, finding plaintiffs had not alleged facts sufficient to support causes of action under the PWA and WPL, and dismissed those claims even though they were otherwise filed within the six-year limitations periods applicable under those statutes. The court, however, determined the complaint alleged facts supporting a claim under the WHL, but the court dismissed the cause of action, finding it had been filed against Donald beyond the applicable two-year statute of limitations, and there was no basis to find the complaint as to Donald related back to the 2016 filing of the original complaint. We consider the court's determinations as to each of the statutes in turn.

The PWA provides that a "contract for 'public work' in excess of a threshold amount" must "'contain a provision' stating that the workers 'shall be

paid not less than [the] prevailing wage rate.'" Troise v. Extel Commc'ns, Inc., 345 N.J. Super. 231, 235 (App. Div. 2001) (alteration in original), aff'd o.b., 174 N.J. 375 (2002). "An employee who is paid less than the prevailing wage for work covered by the" PWA "'may recover in a civil action the full amount of such prevailing wage less than any amount actually paid to him or her by employer together with costs and such reasonable attorney's fees as may be allowed by the court.'" Id. at 236 (quoting N.J.S.A. 34:11-56.40). Although the PWA does not include an express limitations period for the filing of a private cause of action, we have held that the six-year limitations period "in N.J.S.A. 2A:14-1 for breach of contract and tortious injury other than injury to the person" applies to PWA claims. Id. at 236-38.

The complaint fails to state a claim upon which relief may be granted under the PWA because it does not allege plaintiffs performed any work while employed by Aspen that qualified as "public work" subject to the PWA's requirements. That is, the complaint does not allege plaintiffs performed any work for which they were entitled to pay at the prevailing wage rates required under the PWA. The court correctly found plaintiffs had not alleged facts sufficient to support a cause of action under the PWA on that basis.

A-2157-22

Plaintiffs also argue the court erred by dismissing their claim under the WPL. The WPL "governs 'the time and mode of payment of wages due to employees.'" Musker, 479 N.J. Super. at 42 (quoting Hargrove v. Sleepy's, LLC, 220 N.J. 289, 302 (2015)). The statute is "designed to protect employees' wages and to guarantee receipt of the fruits of their labor." Ibid. (quoting Rosen v. Smith Barney, Inc., 393 N.J. Super. 578, 585 (App. Div. 2007), aff'd, 195 N.J. 423 (2008)). In pertinent part, the WPL provides that "every employer shall pay the full amount of wages due to [that employer's] employees" at prescribed intervals. Ibid. (quoting N.J.S.A. 34:11-4.2). Wages are defined as "the direct monetary compensation for labor or services rendered by an employee, where the amount due is determined on a time, task, piece, or commission basis excluding any form of supplementary incentives and bonuses which are calculated independently of regular wages and paid in addition thereto." N.J.S.A. 34:11-4.1(d).

The WPL is "a 'remedial statute' that should be 'liberally construed' to effectuate its remedial purpose." Ibid. (quoting Hargrove, 220 N.J. at 303). Consistent with its purpose, the WPL provides that "officers and managers of an employing corporation [are] personally liable if that corporation fails to pay wages to an employee in violation of the statute." Ibid. More particularly,

19

N.J.S.A. 34:11-4.1 provides that under the WPL, "the officers of a corporation and any agents having the management of such corporation shall be deemed to be employers of the employees of the corporation."

Contrary to the motion court's conclusion, there are sufficient facts alleged in the complaint supporting a cause of action against Donald for a violation of the WPL. Plaintiffs allege Aspen failed to honor its obligation to timely pay plaintiffs for earned wages—both at regular and overtime rates—and Donald was an "equitable owner and managing officer" of Aspen. In our view, those alleged facts support a claim that Donald is liable under N.J.S.A. 34:11-4.1 for Aspen's alleged failure, in violation of the WPL, to timely pay plaintiffs their wages.

The WPL does not include an express limitations period for the filing of a private cause of action under N.J.S.A. 34:11-4.7. We are persuaded, however, by our reasoning in Troise that the six-year limitations period in N.J.S.A. 2A:14-1 should apply to claims under the WPL. In Troise, we were required to determine the limitations period for private causes of action under the PWA, which, like the WPL, does not include a statute of limitations. We determined that a claim for wages arising under the PWA are comparable to claims for "breach of contract or economic harm" such that they should be "subject to the

six-year limitations period provided by N.J.S.A. 2A:14-1 for breach of contract and tort claims for economic harm." Id. at 368. The reasoning supporting our conclusion in Troise applies with syllogistic precision here. We therefore conclude private causes of action under the WPL are subject to the six-year statute of limitations in N.J.S.A. 2A:14-1.

Plaintiffs filed their complaint against Donald on June 22, 2020. It is therefore timely as to claims arising during the six years prior to that date. Because plaintiffs allege a failure to pay wages in accordance with the WPL from 2006 through 2017, they assert a claim upon which relief may be granted as to claims falling within the limitations period.[7] As such, the court erred in dismissing the WPL cause of action against Donald. The complaint contains sufficient facts to support claims cognizable under the WPL that fall within the six-year limitations period.

---

[7] We do not offer any opinion as to determination of when any of the claims asserted in the complaint may have arisen or which claims may fall within the limitations period. We determine only that based on the allegations in the complaint, plaintiffs state a cause of action under the WPL that was filed within the six-year limitations period. Those issues shall be decided by the trial court in the first instance based on the record and arguments presented before it.

Plaintiffs also asserted a claim against Donald under the WHL.  The court dismissed the claim, finding it was time-barred.  We affirm the court's determination.

"The WHL is designed to 'protect employees from unfair wages and excessive hours.'"  Hargrove, 220 N.J. at 304 (quoting In re Raymour & Flanigan Furniture, 405 N.J. Super. 367, 376 (App. Div. 2009)).  The WHL establishes "a minimum wage and also an overtime rate for each hour worked in excess of forty hours in any week for certain employees," id. at 304 (citing N.J.S.A. 34:11-56a4), and authorizes the filing of a civil action against an employer by an employee who is not paid in accordance with the statute's requirements, N.J.S.A. 34:11-56a25.  An individual is defined as an "employer" under the WHL if he or she acts "directly or indirectly in the interest of an employer in relation to an employee."  N.J.S.A. 34:11-56a1.

The WHL was enacted in 1966, Hargrove, 220 N.J. at 304, and "[i]n its original form . . . did not contain any limitations provision, but a little more than a year after enactment, the law was amended to add a two-year statute of limitations with respect to private causes of action, L. 1967, c. 216."  Troise, 345 N.J. Super. at 240; see also Maia, 257 N.J. at 345-46 (2024).  The two-year

limitations period was codified in N.J.S.A. 34:11-56a25.1 (1967).  Maia, 257

N.J. 345-46.

Here, the motion court applied the two-year limitations period and determined plaintiffs' claim that Donald violated the WHL during the period 2006 through 2017 was time-barred because he was not named as a defendant until 2020.  Plaintiffs argue the two-year limitations period does not apply because in 2019 the Legislature amended N.J.S.A. 34:11-56a25.1 to extend the limitations period for a private cause of action under the WHL to six years.  L. 2019, c. 212; see also Maia, 257 N.J. at 337.  Plaintiffs therefore contend their WHL claim against Donald is timely because it was filed in 2020, and Donald is liable under the statute for unpaid wages within the six-year limitations period.

We reject plaintiffs' argument because our Supreme Court has held the 2019 amendment extending the limitations period for private causes of action filed under N.J.S.A. 34:11-56a25.1 "is to be applied prospectively to conduct that occurred on or after April 6, 2019"—the effective date of the extended limitations period under L. 2019, c. 212—"not retroactively to conduct that occurred before the effective date."  Maia, 257 N.J. at 351.  As a result, the prior two-year limitations period applies to Donald's alleged violations of the WHL

during the entire period—2006 through 2017—alleged in the complaint. Because the complaint against Donald was not filed until 2020, plaintiffs' WHL claims against him are time-barred, see ibid., and the complaint therefore fails to state a WHL claim upon which relief may be granted.

We reject plaintiffs' claim the limitations periods applicable to their statutory claims against Donald did not begin to run until Aspen declared bankruptcy. The claim is based on the contention that Donald is "secondarily liable" for Aspen's failure to comply with its statutory obligations to pay plaintiffs the wages due and therefore the statute of limitations did not begin to run on the claims against him until Aspen, by filing for bankruptcy, showed the wages would not be paid.

The argument ignores that in the complaint plaintiffs allege Donald is personally and directly, not secondarily, liable for the alleged statutory violations. Indeed, while arguing the limitations period was tolled until Aspen declared bankruptcy, plaintiffs incongruously claim their argument "is not meant to detract from the fact that [Donald] is also primarily liable for the violation of each of the [w]age [l]aws."

Based on the allegations in the complaint, and as argued by plaintiffs before the motion court on appeal, Donald qualified as an employer personally

A-2157-22

responsible for the payment of the wages due under the PWA, WHL, and WPL because of his management position with, and alleged equitable ownership interest in, Aspen. That Aspen or any other person, including Maria, may have shared the potential liability for the claimed unpaid wages did not render Donald secondarily liable in any manner affecting the running of the limitations period on causes of action plaintiffs alleged against him.

Plaintiffs' reliance on Mulford v. Computer Leasing, Inc., 334 N.J. Super. 385 (Law Div. 1999), to support their secondary-liability argument, is misplaced. The running of a limitations period was not an issue in Mulford. The plaintiff sued his former corporate employer and certain of its shareholders, directors, and officers for violations of the WPL. In its decision following a bench trial, the Law Division found the WPL "imposes personal liability on the managing officers of a corporation by deeming them the employers of the employees of the corporation." Id. at 393 (citing N.J.S.A. 34:11-4.1). The court concluded the individual defendants qualified as employers under the WPL and determined they were liable for the corporate employer's failure to pay wages due the plaintiff under the WPL. Id. at 393-95.

The court entered judgment against the corporate employer and individual defendants, but concluded that "the purpose and sense of the [WPL] will be

furthered by deeming the liability of the [individual defendants] as secondary . . . , so that their personal liability only comes into play to the extent the [corporate defendant] does not pay its judgment." Id. at 399. The court's accommodation to the individual defendants—such that they should be compelled to pay only a judgment entered against them jointly and severally with the corporate defendant—finds no support in the WPL.

In any event, the Mulford court's accommodation to the individual defendants has no bearing on the running of the statute of limitation under the WPL. Indeed, in Mulford, no one claimed that the causes of action against the individual defendants were not filed. Here, plaintiffs do not cite to any authority for the proposition that a statute of limitations is tolled against a party that may later be deemed secondarily liable for purposes of determining the order of payment of a judgment. And Mulford does not hold or suggest that is the case.

Plaintiffs also argue that the motion court erred by rejecting their claim that the statutory causes of action against Donald are not time-barred because they relate back under Rule 4:9-3 to the June 2016 filing of the original complaint under Rule 4:9-3.

> Whenever the claim . . . asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the

26

date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading. <u>An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by amendment.</u>

[<u>R.</u> 4:9-3 (emphasis added).]

A proper analysis of the relation-back issue where, as here, the amendment to a complaint adds a party against whom a claim is asserted, requires in part an analysis of whether the party had received notice of institution of the action and will not be prejudiced in maintaining a defense and whether the party knew or should have known that but for a mistake in identifying the proper party, the action would have been brought against him or her. <u>See generally</u> <u>Prime Accounting Dep't v. Twp. of Carney's Point</u>, 212 N.J. 493, 511-14 (2013) (explaining application of <u>Rule</u> 4:9-3 where an amended complaint adds a new party). In our view, the record lacks sufficient information and competent evidence permitting a determination as a matter of law as to whether the June 2020 amended complaint

27

adding Donald and Eastern should be deemed to relate back under Rule 4:9-3 to the filing of the 2016 complaint or any of the other prior iterations of the complaint. See Repko v. Our Lady of Lourdes Med. Ctr., Inc., 464 N.J. Super. 570, 574 (App. Div. 2020) (explaining a court's decision as to whether an amendment to a complaint to relates back to filing of the complaint presents a legal issue that is reviewed de novo). And, because we otherwise remand this matter to the trial court, we also remand for the court to reconsider the relation-back issue, allowing the parties to present additional argument, information, and submissions addressing the factors a court must consider in making a relation-back determination under Rule 4:9-3.

If on remand the court determines the complaint as to Donald and Eastern should relate back under Rule 4:9-3, it shall also reconsider whether the WHL claim is time-barred under the applicable two-year statute of limitations as we have determined based on the complaint's June 2020 filing date. The court shall also utilize the relation-back filing date to the extent later necessary to determine, if required, which claims—among the many wage-loss claims that are asserted by the numerous plaintiffs—that fall within the applicable limitations periods for the breach of contract and statutory causes of action in the complaint. The remand

court shall conduct such proceedings as it deems necessary and appropriate to consider the relation-back issue on remand.

In sum, we determine the court erred by dismissing plaintiffs' WPL claim against Donald and reverse the order dismissing that claim as to him. Additionally, we conclude the motion court correctly found plaintiffs did not allege sufficient facts to support their breach of contract and statutory claims against Eastern as an alleged "successor to" Aspen and plaintiffs' statutory claims under the PWA and WHL against Donald. Although the court's order does not expressly state the dismissal of the complaint against Donald and Eastern was with prejudice, a statement the court made concerning its dismissal of the complaint against Maria during argument on Donald and Eastern's dismissal motion suggests the court dismissed the complaint with prejudice against them as well. The parties understood that was the court's disposition.

In our view, rather than dismiss those claims with prejudice, the court "should have given plaintiff[s] an opportunity to amend [their] complaint to provide additional facts that might support" those claims. Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 116 (2009). Although the case had been pending for four years, Eastern and Donald moved immediately to dismiss the complaint after it was first filed against them in 2020. And, "[a] motion to

dismiss pursuant to Rule 4:6-2(e) ordinarily is granted without prejudice," and "[h]ere, the trial court provided no reasons for departing from that general rule." Ibid.

We therefore vacate the court's order dismissing the breach-of-contract and statutory (PWA, WHL, and WPL) claims against Eastern and the PWA and WHL claims against Donald and Eastern and remand for the court to allow plaintiffs to file an amended complaint providing additional facts supporting their claims Eastern is a successor to Aspen and Eastern and Donald violated the PWA and WHL. The court shall establish a reasonable deadline for the submission of the amended complaint. If plaintiffs elect not to file the permitted amendments, the court shall dismiss the pertinent claims with prejudice. If plaintiffs elect to file an amended complaint in accordance with the remand court's requirements, Donald and Eastern shall be permitted to answer or otherwise respond to the complaint in accordance with the Rules of Court. In addition, and as we have explained, the court shall reconsider plaintiffs' claim the 2020 complaint against Donald and Eastern should relate back to the 2016 complaint, or one of the other prior iterations of the complaint and proceed accordingly based on that determination in accordance with this opinion.

Our decision to vacate and remand the dismissal order as to the specified claims shall not be interpreted as expressing an opinion on the merits of the asserted claims, Donald and Eastern's defenses, or on any of the issues—including the relation-back issue under Rule 4:9-3—the court will consider on remand. Because we have either reversed or vacated the challenged provisions of the dismissal order, it is unnecessary to address plaintiffs' argument the court erred by denying their motion for reconsideration.

Reversed in part, vacated in part, and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION